## EX PARTE SANFELIZ.

### APPEAL from the District Court of San Juan.

No. 104.—Decided May 12, 1904.

DOMINION TITLE—PRESCRIPTION.—It is an indispensable requisite to the acquisition of the ownership of real property by ordinary prescription to state, and to prove in all cases, the title by which it is held, specifying it particularly, in order to enable the court to determine whether or not it is a proper title for the purposes of prescription.

ID.—POSSESSION TO ACQUIRE SAME.—Possession for six years or more is necessary to acquire the ownership of real property by prescription.

#### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan at the instance of Attorney Santiago B. Palmer, as the representative of Manuel Sanfeliz, to obtain a declaration of ownership of a rural estate, which case is pending before us on an appeal taken by counsel for the petitioner

promovente contra la sentencia dictada por el referido Tribunal del Distrito, en veinte y ocho de Julio último, la que copiada á la letra dice así:

"San Juan ,Puerto Rico, veinte y ocho de Julio de mil novecientos tres.

*Resultando*: que Don Manuel Sanfeliz presentó escrito diciendo es dueño de una finca rústica en el barrio de Palos Blancos, de Toa-Alta, de setenta y tres cuerdas más ó menos, lindante al Norte con una quebrada que desemboca al río del Corozal, tierras de la sucesión de Pedro González, Juan Ortíz Ortíz, Marcelino González y Juana Nieves, al Este Juana Ortiz y Juana Nieves, Abdon Fuentes, camino vecinal del barrio de Mana y Juan Ortiz Ortiz, y al Oeste el río del Corozal, cuya finca posee hace más ,de dos años por compra á Don Valentín González, quien la venía poseyendo pacíficamente hacía más de doce años como dueño, pagando las contribuciones como las ha pagado el promovente; que el valor es de quinientos dollars, sin carga alguna y carece de título inscrito por lo que promueve la oportuna información para que se declare el dominio á su favor.

*Resultando*: que admitida la información citación fiscal, del anterior dueño de los colindantes, de los que tengan cualquier derecho á ella y de las personas ignoradas á quienes pueda perjudicar la inscripción, por medio de edictos, se cumplió lo ordenado, declarando tres testigos es cierto y les consta que el promovente es dueño de la finca rústica descrita; que la hubo por compra á Don Valentín González ha más de dos años, la que viene poseyendo pacíficamente en concepto de dueño; agregando dos de los testigos les consta también que el vendedor, al hacer la venta del inmueble descrito, la venía poseyendo quietamente por espacio de doce años pagando las contribuciones; y celebrada la comparecencia, las partes alegaron lo que estimaron conveniente á sus derechos.

*Considerando*: que aparte de no expresarse en el escrito de promoción si el promovente carece ó no de título escrito, y sí de título inscrito (lo que no es igual, pues puede carecerse de título inscrito de dominio por no haberse podido inscribir un título de dominio escrito defectuoso, del que en tal caso no carecía), no es suficiente la prueba practicada para demostrar que el Sr. Sanfeliz era dueño de la finca cuyo dominio trata de justificar, porque si bien sumando su posesión

from a judgment rendered by the said district court on the 28th of July last, the same reading as follows:

"San Juan, Porto Rico, July 28, 1903. Manuel Sanfeliz presented a petition alleging that he is the owner of a rural estate situated in *barrio* 'Palos Blancos,' of Toa Alta, consisting of seventy-three *cuerdas*, more or less, bounded on the north by a brook which flows into the Corozal river, lands belonging to the estate of Pedro González, Juan Ortiz Ortiz, Marcelino González and Juana Nieves, on the east by lands of Juan Ortiz, Juana Nieves and Abdon Fuentes, a neighhood road of *barrio* 'Mana' and lands of Juan Ortiz Ortiz, and on the west by the Corozal river, of which estate he has been in possession for more than two years by virtue of purchase from Valentín González, who had been in the peaceable possession thereof for more than twelve years as owner, paying the taxes thereon as petitioner has paid them; that the value thereof is five hundred dollars, without any incumbrance whatever, and that he has no recorded title, and that therefore he institutes the proper proceeding to have the ownership of the property declared in his favor.

"The proceedings having been admitted, and a citation having been served upon the *Fiscal*, the former owner, the adjoining property owners, the persons having any right to the property, and upon the unknown persons who might be prejudiced by the record, by means of public notices, the proper steps were taken in the premises and three witnesses testified that it is true, and that they know of their own knowledge, that the petitioner is the owner of the rural estate described; that he obtained by purchase from Valentin González more than two years ago, having been in peaceable possession thereof as owner; two of the witnesses adding that it is also known to them of their own knowledge that the vendor, at the time of making the sale of the property described, had been in quiet possession thereof for the period of twelve years paying taxes thereon. The hearing having been held, the parties alleged such matters as were deemed by them conducive to their rights.

"Apart from the fact that the petition instituting the proceedings does not state whether or not the petitioner has a written title, but does set forth that he has a recorded title (which is not the same thing, since he may be without a recorded title through inability to record a defective written title of ownership, of which he would not then be devoid), the evidence taken to establish the fact that Sanfeliz was the owner of the estate to which he is attempting to prove owner-

de dos años, con la de doce, del anterior poseedor, tiene á su favor una posesión de catorce años con buena fé presuntiva, no consta el título con que poseía dicho anterior poseedor, no pudiendo por tanto saberse si era ó no un título justo, constando únicamente que el promovente, por título de compra, que es un título justo, ha poseido solamente dos años necesitándose seis años por lo menos con justo título y buena fé para la prescripción adquisitiva del dominio según la Orden Judicial de 4 de abril de 1899.

*Considerando*: que no existe prueba ni aún alegación, de que el promovente haya adquirido por ninguno de los demás medios (aparte la prescripción) que establece la ley.

*Vistos* los artículos de aplicación de la ley hipotecaria, Código Civil y Orden Judicial citada. No ha lugar á la declaratoria de dominio solicitada. Lo acordó y firma el Tribunal; certifico.—Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Méndez Vaz.''

*.Resultando*: que contra esta sentencia interpuso apelación la representación del promovente Don Manuel Sanfeliz, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, cuyo acto se celebró con asistencia del abogado defensor apelante y del Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Palmer.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando*: que antes de celebrarse la comparecencia para la que fueron citadas las partes, presentó escrito el abogado defensor del promovente manifestando que por un error involuntario había expresado en su primer escrito que su representado carecía de título ''inscrito,'' en vez de decir que

ship is not sufficient, because although by adding to his possession of two years that of twelve years of the former possessor, he has in his favor a possession of fourteen years in presumptive good faith, the title by which said former possessor held the property does not appear, and it cannot therefore be determined whether it was a proper title or not; it only appearing that the peitioner, by a title of purchase, which is a proper title, has been in possession solely for two years, and at least six years with a proper title and in good faith are required for the acquisition of ownership, according to the Judicial Order of April 4, 1899.

"There is no evidence or allegation to the effect that the petitioner has acquired the property by any of the other means (except prescription) provided by law.

"Having examined the articles applicable of the Mortgage Law, the Civil Code, and the judicial order cited, the declaration of ownership applied for is denied. So ordered and signed by the court, to which I certify: Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From this judgment counsel for the petitioner, Manuel Sanfeliz, took an appeal, which was freely admitted for a review and a stay of proceedings, and the record having been forwarded to this court, the parties having been duly cited, and the appellant having appeared, the appeal was conducted according to the proper procedure and a day set for the hearing, at which the attorney for the appellant and the *Fiscal* of this Supreme Court, who opposed the appeal, were present.

*Mr. Palmer,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

Before the holding of the hearing for which the parties were cited, the attorney for the petitioner presented a writing in which he set forth that in his original petition, through an involuntary error, he had stated that his client had no "recorded" title, instead of stating that he had no "written"

carecía de título de dominio "escrito," á lo que se acordó que se tuviera por hecha dicha manifestación y se agregara á sus antecedentes escrito de referencia.

*Considerando* : que, no obstante la rectificación hecha en el citado escrito por el abogado defensor del promovente, no procede dictarse á favor de éste la declaratoria de dominio que interesa, toda vez que los testigos presentados sólo declaran que viene poseyendo el terreno de que se trata hace más de dos años, pero sin precisar que lo poseyera por seis años ó más, que es el tiempo de posesión que exigía la Orden Judicial de 4 de Abril de 1899, que es la aplicable al caso; y si bien agregan que el anterior dueño del terreno lo poseyó por espacio de más de doce años, quieta y pacíficamente, y pagando las contribuciones correspondientes, tampoco expresan si poseía ó no con título, que es un requisito indispensable para la adquisición del dominio de los inmuebles por la prescripción ordinaria, y que debe probarse siempre, determinándolo especialmente, para que el Tribunal pueda apreciar si es ó no un título justo, á los efectos de la prescripción, requisitos que no han sido cumplidos en el caso presente y por consiguiente, no procede estimarse bien probado el dominio que reclama la parte promovente.

Vistos los artículos 395 de la Ley Hipotecaria, los 1940, 1952, 1953 y 1954 del antiguo Código Civil y la Orden Judicial de 4 de Abril de 1899.

*Fallamos* : que debemos confirmar y confirmamos la sentencia apelada, en cuanto por ella se declara no haber lugar á la declaratoria de dominio solicitada, con las costas al apelante.

Jueces concurrentes : Sres. Hernández, Figueras, Sulzbacher y MacLeary.

title of ownership, whereupon it was ordered that said statement should be considered as having been made, and the writing in question should be added to his record.

Notwithstanding the rectification made in the said writing by the attorney for the petitioner, it would not be proper to make the requested declaration of ownership in favor of the latter, inasmuch as the witnesses produced only testified that he was in possession of the land in question for more than two years, but without specifying that he possessed it for six years or more, which is the period of possession required by the Judicial Order of April 4, 1899, and which is applicable to the case; and although they add that the former owner of the land was in the quiet and peaceable possession thereof for a period of more than twelve years and had paid the taxes thereon, they fail to state whether or not he was in possession under title, which is an indispensable requisite to the acquisition of real property by ordinary prescription, and which must always be proven, specifying it particularly, in order that the court may determine whether or not it is a proper title for the purposes of prescription. These requisites have not been complied with in the present case, and accordingly it cannot be held that the ownership claimed by the petitioner has been well established.

Having examined article 395 of the Mortgage Law, articles 1940, 1952, 1953 and 1954 of the old Civil Code, and the Judicial Order of April 4, 1899, we adjudge that we ought to affirm and do affirm the judgment appealed from, in so far as it denies the declaration of ownership requested, with costs against the appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.